SIMON BELGARD, Respondent, v. THOMAS McLAUGHLIN
AND OTHERS, APPELLANTS.

*Evidence in a creditor's suit — admissibility of a transcript of a judgment, recovered in a Justices' Court and docketed in the county clerk's office, as evidence of the jurisdiction of the Justices' Court over the defendant.*

APPEAL from a judgment entered at Special Term in an action brought by a judgment creditor of defendant, Thomas J. McLaughlin, to set aside an alleged fraudulent transfer of real estate situate in the city of New York, and known as No. 511 West Twenty-ninth street, made by him to Margaret Stoker and by her to Susan McLaughlin, the wife of defendant Thomas.

The defendants contend that the judgment was not properly proved.

The judgment was recovered on or about the 23d day of July, 1885, in one of the district courts of the city of New York for the sum of $187.37 upon a promissory note made by the defendant Thomas McLaughlin on the 30th day of January, 1885. A transcript of such judgment was filed and the judgment was docketed in the office of the clerk of the city and county of New York and an execution was issued thereupon by such clerk to the sheriff of said city and county, and by him returned unsatisfied before the commencement of the action.

Upon the trial plaintiffs offered in evidence the transcript of the judgment. The defendants objected upon the ground that the transcript was not evidence of the judgment.

The court at General Term said: "If it be assumed that the judgment had not been proved and that there was a necessity for its further proof as to all or some of the defendants, we are inclined to think the transcript from the District Court, followed by the filing and docketing of the same in the county clerk's office, would be legitimate evidence of the existence of a judgment of the Court of Common Pleas and of the authority to issue the execution by the clerk of that court. (Code of Civil Pro., §§ 3017, 3022, 3220, in relation to courts, justices of the peace and justice's courts of cities.) The case of *Dickinson* v. *Smith* (25 Barb., 102, 106), cited by appellant's counsel, is decisive of this question. In that case the

plaintiff sought to prove his title to lands against the defendant, the former owner of the lands, under a judgment rendered by a justice of the peace, a transcript of which was filed, the judgment docketed in the office of the clerk of the county and a sale of the lands by the sheriff under an execution issued by the clerk upon such judgment. The court, in the opinion in that case, held that a certified copy of the transcript and docket were properly received in evidence and that it was not necessary that the transcript, or other evidence, should show the proceedings before the justice to give jurisdiction to render a valid judgment in order to authorize it to be filed and docketed; that the judgment, when docketed, became a judgment of the county court; that it is not necessary to show the jurisdiction of the justice in order to establish the validity of such judgment; they become judgments by virtue of the statute, etc. This case was cited, with approval, in *Stephens* v. *Santee* (51 Barb., 542). This proof was properly received and raised a presumption of jurisdiction of the justice over the person of the defendant and of the validity of the judgment. The defendant was allowed to testify that the summons was not served upon him *so far as he knew*, but the person who is alleged to have made the service testified positively that he served the summons upon the defendant, and this positive testimony, together with the surrounding circumstances and the presumption above mentioned, conclusively establish the fact that the defendant was served with the summons in the action in which the judgment was rendered."

*John Hardy*, for the appellants Margaret Stoker and Susan McLaughlin.

*Marshall P. Stafford*, for the respondent.

Opinion by POTTER, J.    VAN BRUNT, P. J., and LAWRENCE, J., concurred.

Judgment modified as directed in opinion, and affirmed as modified, with costs.